## HORNE v. HOYLE.[1]

*(Circuit Court, E. D. Missouri. March 24, 1886.)*

PATENTS FOR INVENTION—SALE—ACTION—INFRINGEMENT.

The fact that the purchaser of a patented machine has been sued as an infringer by third parties, and put to expense in making defenses, is no defense to a suit by the vendor on the contract of sale, even where that contract provides that indemnity bonds shall be given the vendee, and none have been furnished.

At Law. Suit for damages for breach of contract. Motion to strike out part of answer.

The allegations of the answer as to the guaranty, and contract to give an indemnity bond, referred to in the opinion of the court, are as follows:

"Further answering herein, this defendant says that, in and by the terms of said contract sued on in this action, it is provided and stipulated that the plaintiff herein should personally guaranty the validity of the patents under which said machine was made, and that he would furnish to this defendant indemnity bonds to save him harmless in the event of any litigation from the use of said Excelsior Electric Light plant, which plaintiff * * * agreed to furnish to this defendant under the terms of said contract; and this defendant says that plaintiff herein * * * has wholly failed * * * to furnish to this defendant any indemnity bond or bonds."

The other material facts are sufficiently stated in the opinion of the court.

*George D. Reynolds,* for plaintiff.

*Dyer, Lee & Ellis,* for defendant.

BREWER, J., *(orally.)* In the case of *Horne* against *Hoyle* there is a motion to strike out parts of the answer. The petition alleges a contract to place an electric plant in a building in this city, the performance of the contract, non-payment of part of the purchase money, and an assignment of the contract to the plaintiff. The answer in one defense avers that it was a part of the contract that the contractor should furnish an indemnifying bond, guarantying against all infringements, and that that bond was not given. Of course that states a perfect defense. It further alleges that since the putting of the plant in the building two suits have been commenced for infringement, and are pending, and that the defendant has been put to the expense of employing counsel to defend those suits. The motion is to strike out this last defense. Obviously, it should be sustained. If no bond was given, there is a perfect defense. If there was no stipulation for a bond, then it is immaterial whether defendant has been sued or not. If a bond was given, the remedy of the defendant is on that bond. *Non constat,* that neither the contractor nor the

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

plaintiff were parties to that bond or liable on it, and the averment presents simply an immaterial matter for traverse and testimony.

The motion will be sustained.